```
1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4              v.                              19 CR 802 (GBD)

5    ARON FRIED,

6                   Defendant.

7    ------------------------------x
                                               New York, N.Y.
8                                              November 15, 2022
9                                              10:00 a.m.

10
     Before:
11
                       HON. GEORGE B. DANIELS,
12
                                               District Judge
13

14                            APPEARANCES

15   DAMIAN WILLIAMS
          United States Attorney for the
16        Southern District of New York
     KIMBERLY RAVENER
17        Assistant United States Attorney

18   ISABELLE KIRSHNER
          Attorney for Defendant Fried
19
     BRIAN LINDER
20        Attorney for Defendant Fried

21

22

23            (Case called)

24            MS. RAVENER:  Good morning, your Honor.

25            Kimberly Ravener, for the government.
```

1               THE COURT:  Good morning.

2               MS. KIRSHNER:  Good morning, your Honor.

3               Isabelle Kirshner and Brian Linder, for Aron Fried.

4     Mr. Fried is seated with us.

5               THE COURT:  Let me first start with the government.

6               What is the status?

7               MS. RAVENER:  Your Honor, we understand that Mr. Fried

8     expects to enter a change of plea today pursuant to plea

9     agreement which has been supplied to the Court.

10              THE COURT:  Ms. Kirshner, do you have an application?

11              MS. KIRSHNER:  Yes, your Honor.

12              At this time we've offered to plead guilty to

13    superseding information which contains one charge of conspiracy

14    in satisfaction of the entirety.

15              THE COURT:  Can we swear-in Mr. Fried.

16              (Defendant Aron Fried sworn)

17              THE COURT:  Do you understand that you are now under

18    oath and that if you answer any of my questions falsely your

19    false or untrue answers may later be used against you in

20    another prosecution for perjury for making a false statement.

21              Do you understand that?

22              THE DEFENDANT:  Yes, your Honor.

23              THE COURT:  What is your?  Full name.

24              THE DEFENDANT:  Aron Fried.

25              THE COURT:  How old are you?

1           THE DEFENDANT:  49-years-old.
2           THE COURT:  How far did you go in school?
3           THE DEFENDANT:  High school.
4           THE COURT:  Are you now or have you recently been
5    under the care of a doctor or a psychiatrist?
6           THE DEFENDANT:  No.
7           THE COURT:  Have you ever been treated or hospitalized
8    for any mental illness any type of drug or alcohol addiction?
9           THE DEFENDANT:  No.
10          THE COURT:  In the past 24 hours have you take any
11   drugs, medicine, pills or have you drunk any alcohol?
12          THE DEFENDANT:  No, your Honor.
13          THE COURT:  Is your mind clear today?
14          THE DEFENDANT:  Yes, your Honor.
15          THE COURT:  Are you feeling well today?
16          THE DEFENDANT:  Yes, your Honor.
17          THE COURT:  Does either counsel have any doubt as to
18   the defendant's competence to plead?
19          MS. RAVENER:  No, your Honor.
20          MS. KIRSHNER:  No, your Honor.
21          THE COURT:  Mr. Fried, your attorney has informed me
22   that you wish to withdraw your plea of not guilty and that you
23   wish to plead guilty to a superseding information to be filed
24   by the government.
25          Is that what you wish to do today?

1   THE DEFENDANT:  Yes, your Honor.

2   THE COURT:  Have you had a full opportunity to even
3   discuss your case with your attorney and to discuss the
4   consequences of entering a plea of guilty?

5   THE DEFENDANT:  Yes, your Honor.

6   THE COURT:  Are you satisfied with your attorneys and
7   their representation of you?

8   THE DEFENDANT:  Yes.

9   THE COURT:  On the basis of the defendant's responses
10  to my questions and my observation of his demeanor, I find that
11  he is fully competent to enter an informed plea at this time.

12  Sir, before I accept any plea from you, I am going to
13  ask you certain questions and my questions are intended to
14  satisfy me that you wish to plead guilty because you are in
15  fact guilty and that you fully understand the consequences of
16  your guilty plea.

17  If you do not understand the questions, please, stop
18  me and ask me either or your attorney for further explanation.

19  Is that clear

20  THE DEFENDANT:  Yes, your Honor.

21  THE COURT:  I'm first going to describe to you certain
22  rights that you have under the Constitution and laws of the
23  United States.  You'd be giving up these rights if you enter a
24  plea of guilty.  So, please, listen carefully because at the
25  end of my description of all your rights, I'll again ask you

1      whether you fully understood all that I said.  Okay?

2              THE DEFENDANT:  Yes, your Honor.

3              THE COURT:  I don't have -- is there a signed waiver

4      of prosecution?

5              MS. KIRSHNER:  Your Honor, I assumed you want us to

6      sign it in the courtroom.  So, I have a waiver I am going to

7      ask him to sign.  Three copies of the waiver?

8              THE COURT:  Yes, that's fine.

9              Mr. Fried, I've just been handed what we commonly

10     refer to as "Waiver of Prosecution by Indictment" which

11     basically says that you are being accused of violating Title 18

12     U.S.C. Section 371 being advised of the nature and charge and

13     of your rights hereby waives in open court prosecution by

14     indictment and consents that the proceeding may be by

15     information instead of by indictment.

16             Did you just put your signature on this document?

17             THE DEFENDANT:  Yes, your Honor.

18             THE COURT:  Now, do you understand that you have a

19     constitutional right to be charged by an indictment rather then

20     an information?

21             THE DEFENDANT:  Yes, your Honor.

22             THE COURT:  Do you understand that an information,

23     that an indictment would be from the grand jury after the grand

24     jury had heard evidence and determined that they believed that

25     there's probable cause to charge you with an offense unlike an

1  information which is simply a charge written by the
2  prosecution?
3              THE DEFENDANT:  Yes.
4              THE COURT:  Do you understand that by signing this
5  document that you're waiving your right to be charged by an
6  indictment and you're consenting to be charged by the
7  information to be filed by the government; do you understand
8  that?
9              THE DEFENDANT:  Yes, your Honor.
10             THE COURT:  Do you waive this right voluntarily and
11 knowingly?
12             THE DEFENDANT:  Yes, your Honor.
13             THE COURT:  Have you received a copy of the
14 information?
15             THE DEFENDANT:  Yes, your Honor.
16             THE COURT:  Have you read it?
17             THE DEFENDANT:  Yes, your Honor.
18             THE COURT:  Did you discuss the charges in that
19 information with your attorney?
20             THE DEFENDANT:  Yes, your Honor.
21             THE COURT:  Do you understand that Count One, the sole
22 count of this information, charges you with conspiracy to
23 commit bank fraud; do you understand that charge?
24             THE DEFENDANT:  Yes, your Honor.
25             THE COURT:  Do you understand that the maximum

1  possible penalty that can be imposed on the crime to which you
2  are offering to plead guilty is a maximum sentence up to five
3  years in prison, a maximum term of up to three years supervised
4  release, a fine of up to $250,000 or twice the gain or loss
5  from the offense.  I must impose a $100 special assessment.  I
6  must order restitution if restitution is appropriate to any
7  victims of the crime.
8       Do you understand that that's the possible penalties
9  that can be imposed on a crime to which you are offering to
10 plead guilty?
11      THE DEFENDANT:  Yes, your Honor.
12      THE COURT:  And pursuant to your plea agreement with
13 the government you are also agreeing to admit the forfeiture
14 allegation with respect to Count One and agreeing to forfeit to
15 the United States a sum of money which the government contends
16 represents the proceeds is traceable to the commission of the
17 crime.
18      Do you understand that?
19      THE DEFENDANT:  Yes, your Honor.
20      THE COURT:  So, I would accept your waiver of
21 prosecution by indictment and we'll proceed from the
22 information.
23      Now, even though you waived prosecution by indictment
24 under the Constitution and laws of the United States you have a
25 right to speedy and public trial by a jury on all the charges

1     against you.

2            Do you understand that?

3            THE DEFENDANT:  Yes, your Honor.

4            THE COURT:  If there were a trial you would be

5     presumed innocent and the government would be required to prove

6     your guilt by competent evidence and beyond a reasonable doubt.

7     You would not have to prove that you were innocent at trial.

8            Do you understand that?

9            THE DEFENDANT:  Yes, your Honor.

10           THE COURT:  If there were a trial, you would have a

11    right to be represented by an attorney at that trial and any

12    related to proceedings and if you could not afford an attorney,

13    one would be provided to you free of cost.

14           Do you understand that?

15           THE DEFENDANT:  Yes, your Honor.

16           THE COURT:  And if there were a trial you would have a

17    right to see and hear all of the witnesses against you and your

18    attorney could cross-examine those witnesses and you'll have a

19    right to have your attorney object to the government's evidence

20    and to offer evidence on your behalf if you so desired and you

21    would have a right to have subpoenas issued or other compulsory

22    process used to compel witnesses to testify in the your case.

23           Do you understand that?

24           THE DEFENDANT:  Yes.

25           THE COURT:  If there were a trial you would have a

1  right to testify if you wanted to, but no one could force you
2  to testify if you did not want to.  Further, no inference or
3  suggestion of guilt could be drawn by the jury if you chose not
4  to testify at trial.  You could go to trial without testifying
5  or calling any witnesses or presenting any evidence,
6  whatsoever.
7            Do you fully understand?
8            THE DEFENDANT:  Yes, your Honor.
9            THE COURT:  Do you understand each and every one of
10 those rights that I've just indicated to you?
11           THE DEFENDANT:  Yes.
12           THE COURT:  Do you understand that by entering a plea
13 of guilty today you're giving up each and every one of these
14 rights, that you are waiving these rights and that you would
15 have no trial.
16           Do you understand?
17           THE DEFENDANT:  Yes, your Honor.
18           THE COURT:  Do you understand that you can change your
19 mind right now and refuse to enter a plea of guilty.  You do
20 not have to enter a plea of guilty if you do not want to for
21 any reason.
22           Do you fully understand that?
23           THE DEFENDANT:  Yes, your Honor.
24           THE COURT:  Now, also, I referred to supervised
25 release.  "Supervise release" means that you'd be subject to

1  monitoring if you're sentenced to prison after you are released
2  from prison. And that supervision would be under terms and
3  conditions which could lead to your re-imprisonment without a
4  jury trial if you violated any conditions of your release.
5      Do you understand that?
6      THE DEFENDANT: Yes, your Honor.
7      THE COURT: Do you further understand that if you are
8  a United States citizen and I accept your guilty plea, that
9  felony conviction may deprive you of valuable civil rights such
10 as the right to vote, the right to hold public office, the
11 right to serve on a jury or the right to possess any kind of
12 firearm.
13     Do you understand that?
14     THE DEFENDANT: Yes, your Honor.
15     THE COURT: Do you also understand that if you are not
16 a citizen of the United States and I accept your guilty plea,
17 that conviction may also subject you to deportation and/or
18 deprive you of the right to apply for United States citizenship
19 or to reenter this country.
20     Do you understand that?
21     THE DEFENDANT: Yes, your Honor.
22     THE COURT: Under current law there are sentencing
23 guidelines judges must consider in entering your sentence.
24 Have you discussed the sentencing guidelines with your
25 attorney?

1      THE DEFENDANT:  Yes, your Honor.

2      THE COURT:  Do you understand that although there may
3  be a calculation of the applicable guidelines range contained
4  in the plea agreement, this Court will not be able to determine
5  your sentencing guideline range until after the presentence
6  report is completed by the probation department and you and the
7  government have had a chance to challenge the facts reported by
8  the probation office and its offices.

9      Do you understand that?

10     THE DEFENDANT:  Yes, your Honor.

11     THE COURT:  Do you further understand that even after
12 I have determined what sentencing guideline range applies in
13 your case, I have the authority to impose a sentence that is
14 higher or lower than the sentence calculated by it sentencing
15 guidelines; do you understand that?

16     THE DEFENDANT:  Yes, your Honor.

17     THE COURT:  Do you understand that if you're attorney
18 or anyone else has attempted to estimate and/or predict exactly
19 what your sentence will be, their estimated prediction could be
20 wrong; do you understand that?

21     THE DEFENDANT:  Yes, your Honor.

22     THE COURT:  No one, not even your attorney or the
23 United States attorney can or should you give you any assurance
24 as to what your sentence would be because as I've just said, I
25 cannot determine that sentence until after the presentence

1    report is completed, I've ruled on any challenges to the report
2    and I've determined whether there are any grounds to depart up
3    or down from the sentencing guideline.  And I must determine
4    what a reasonable sentence in your particular case is; do you
5    understand that?
6             THE DEFENDANT:  Yes, your Honor.
7             THE COURT:  Do you also understand that even if your
8    sentence is different from what your attorney or anyone else
9    told you it might be or if it is different from you expect, you
10   would still be bound by the guilty plea that you are entering
11   today, you will not be allowed to withdraw your guilty plea
12   after it is entered and I will sentence you on the date of
13   sentencing pursuant to guilty plea that you are entering today;
14   do you understand all of that?
15            THE DEFENDANT:  Yes, your Honor.
16            THE COURT:  Now I have been given a letter of plea
17   agreement.  Is that your signature on the last page of this
18   agreement?
19            THE DEFENDANT:  Yes, your Honor.
20            THE COURT:  Did you read that agreement before you
21   signed it?
22            THE DEFENDANT:  Yes, your Honor.
23            THE COURT:  Did you discuss the terms of this
24   agreement with your attorney before you signed it?
25            THE DEFENDANT:  Yes, your Honor.

1        THE COURT:  Did you fully understand the agreement
2    before you signed it?
3        THE DEFENDANT:  Yes, your Honor.
4        THE COURT:  Does this letter agreement constitute your
5    complete and total understanding of the entire agreement as
6    entered into by the prosecutor, your attorney and you?
7        THE DEFENDANT:  Yes.
8        THE COURT:  Is everything you understand about what
9    your plea and sentence contained in this agreement?
10       THE DEFENDANT:  Yes, your Honor.
11       THE COURT:  Has anything that has been promised you
12   been left out of this agreement?
13       THE DEFENDANT:  No, your Honor.
14       THE COURT:  Anybody promise you anything that's not in
15   this agreement?
16       THE DEFENDANT:  No, your Honor.
17       THE COURT:  Has anyone threatened or forced you to
18   plead guilty or to enter into this agreement?
19       THE DEFENDANT:  No, your Honor.
20       THE COURT:  By one of the expressed provisions in this
21   plea agreement you're agreeing to waive your right to file any
22   appeal of the conviction and sentence if the sentence imposed
23   is within or below the stipulated guideline range that's laid
24   out in this agreement.
25       Do you understand that?

1				THE DEFENDANT: Yes, your Honor.

2				THE COURT: Read that language.

3				And also it specifically says that the defendant

4		recognizes that if he is not a citizen of the United States,

5		his guilty plea and conviction would make it very likely that

6		his removal from the United States is presumptively mandatory

7		and that at a minimum he is at a risk of being removed or

8		suffer other adverse immigration consequences.

9				Did you read and understand that language?

10				THE DEFENDANT: Yes, your Honor.

11				THE COURT: Ms. Kirshner, do you know of any invalid

12		defense that would prevail at trial or any reason why your

13		client should not be permitted to plead guilty?

14				MS. KIRSHNER: No, your Honor.

15				THE COURT: Then Mr. Fried, why don't you tell my what

16		you did in connection with this charge that makes you guilty of

17		this offense.

18				THE DEFENDANT: Between approximately --

19				THE COURT: Keep your voice up and speak slowly.

20				THE DEFENDANT: Between approximately June 2009 and

21		October 2013, in the Southern District of New York and

22		elsewhere, I agreed with others to commit the crime of bank

23		fraud. Specifically, I agreed with Abraham Kahan that he would

24		arrange for an individual by the name of Herschel Sauber to or

25		borrow approximately 1.4 million dollars from Park Avenue Bank,

1   a bank insured by the FDIC, without disclosing to the bank the

2   fact that the proceeds of the bank's loan would not be used for

3   Mr. Sauber's business.  We agreed that instead Mr. Sauber would

4   loan the bank's funds to Mr. Kahan and that Mr. Kahan would

5   then loan some of the funds to me for the acquisition of the

6   business I was purchasing.  Mr. Kahan and I knew that Mr. Kahan

7   would not be able to borrow the funds directly from the bank

8   because he had a criminal conviction.  In furtherance of this

9   agreement, I executed a document called a "heter iska" that

10  memorialized the loan that Mr. Kahan made to me.

11             THE COURT:  And when you engaged in this activity did

12  you know what you were doing was illegal?  Did you know about

13  what you were doing was wrong and illegal?

14             THE DEFENDANT:  Yes, your Honor.

15             THE COURT:  So how do you plead to this charge, guilty

16  or not guilty?

17             THE DEFENDANT:  Guilty, your Honor.

18             THE COURT:  Are you pleading guilty because in fact

19  guilty of the charge?

20             THE DEFENDANT:  Yes, your Honor.

21             THE COURT:  Are you pleading guilty voluntarily and of

22  your own free will?

23             THE DEFENDANT:  Yes, your Honor.

24             THE COURT:  Anything further on the allocution by the

25  government?

1        MS. RAVENER:  No, your Honor.
2        THE COURT:  Then, Mr. Fried, because you acknowledge
3   that you're guilty as charged in Count One of this information
4   and because you know your rights and are waiving them and
5   because your plea is entered knowingly and voluntarily and is
6   supported by the facts containing each of the essential
7   elements of this offense, I accept your guilty plea and adjudge
8   you guilty of Count One of this information.
9        Let me just ask one more question.
10       Where did most of this activity take place?  Where was
11  this loan?
12       THE DEFENDANT:  New York.
13       THE COURT:  New York County or New York City?
14       THE DEFENDANT:  In Brooklyn.
15       THE COURT:  What's the basis of the venue?
16       MS. RAVENER:  Your Honor, the government proffers that
17  the victim bank was at all relevant times headquartered in
18  Manhattan.
19       THE COURT:  Do you dispute or challenge that?
20       MS. KIRSHNER:  No.
21       THE COURT:  Then I'll accept the plea as entered.
22       Now, the probation office will prepare the pre
23  sentence report to assist you in sentencing.  You'll be
24  interviewed by the probation office.  It's important that the
25  information you gave the probation officer be truthful,

1   accurate and complete.  The report is important in my decision
2   as to what your sentence will be.  your attorney and the
3   government will have a right and an opportunity to examine the
4   report, challenge or comment upon to it and to speak before I
5   impose sentence.
6           Let's schedule sentencing.  How is it March 7th at ten
7   o'clock?
8           MS. KIRSHNER:  If the Court could just note that we
9   would like to be present at the probation interview.
10          THE COURT:  Yes.  We'll transmit that.  I'll see all
11  the parties that day.
12          MS. RAVENER:  Thank you, your Honor.
13                       (Adjourned)